NON-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1224

_____

DOMENIC LAUDATO, JR.

v.

EQT CORPORATION; EQUITRANS, L.P.;
EQT PRODUCTION COMPANY;
EQT MIDSTREAM PARTNERS L.P.,

Appellants

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-18-cv-01005
District Judge: The Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit I.O.P. 10.6
on July 25, 2022

Before: KRAUSE, RESTREPO, and SMITH, *Circuit Judges*

(Filed: August 3, 2022)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge.*

On January 20, 2022, pursuant to Federal Rule of Civil Procedure 23(f), we granted Appellants' (collectively, EQT's) petition for leave to appeal the District Court's September 29, 2021, order granting Laudato's motion for class certification. *Laudato v. EQT Corp.*, 23 F.4th 256 (3d Cir. 2022). At the same time, we advised the parties that we were considering taking summary action in accordance with 3d Cir. I.O.P. 10.6. *Id.* at 261. As required by our internal operating procedures, we asked the parties whether such a course of action would be proper. Laudato and EQT agreed that summary action would be appropriate but, unsurprisingly, disagreed on the type of summary action we should take. Concluding that 3d Cir. I.O.P. 10.6 summary action is proper, we will vacate the District Court's order and remand so that the District Court may conduct the rigorous analysis Federal Rule of Civil Procedure 23 requires.

I.

In February 2021, Laudato sought the District Court's certification of a class action consisting of all owners of real property within EQT's various natural gas storage fields who had not yet been compensated for EQT's use of their property. The District Court expressed the belief that class treatment was appropriate but noted that, as proposed, Laudato's class action was "doomed to fail" as it would "degenerate into a series of mini-trials." *Asbury v. EQT Corp.*, Civ. No. 18-1005,

2

2021 WL 4897200, at *2 (W.D. Pa. Sept. 29, 2021). The District Court nevertheless refused "to let the perfect be the enemy of the good" and proceeded to effectively certify the class. *Id.*

## II.

Federal Rule of Civil Procedure 23 tasks district courts with determining "whether to certify [an] action as a class action." Fed. R. Civ. P. 23(c)(1)(A). A court should only do so, however, when:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Additionally, the party seeking class treatment must show that the action is maintainable as one of the three types of class actions provided for in Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). If the requisites of Rule 23(a) and (b) are both satisfied, a party seeking class certification is entitled to pursue her claim as a class action. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). If these requirements are not met, a party seeking class certification is left to pursue her claim or claims individually. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 (3d Cir. 2008).

3

A District Court must engage in "a rigorous analysis," including "a thorough examination of the factual and legal allegations," before it can determine that the requirements of Rule 23 have been satisfied and that a party is entitled to proceed with a class action. *In re Hydrogen Peroxide*, 552 F.3d at 309 (quotations omitted). Here, however, the District Court concluded Laudato was entitled to proceed with a class action despite having merely mentioned Rule 23 once. The District Court simply explained in a footnote:

> To be clear, the Court finds that the Rule 23 prerequisites have been met, for many of the same reasons stated in Plaintiff's briefing (and once the changes to class-definition, as contemplated herein, are taken into account). Specifically, the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class.

*Asbury*, 2021 WL 4897200, at *3 n.6. This was no more than a recitation of the Rule 23(a) prerequisites and is a far cry from the "rigorous analysis" that long-standing precedent requires. *See Falcon*, 457 U.S. at 161; *In re Hydrogen Peroxide*, 552 F.3d at 309. The District Court's order reveals non-conclusory consideration of, *at most*, two of the Rule 23(a) prerequisites: numerosity and commonality. *Asbury*, 2021 WL 4897200, at *1. The order is devoid of analysis that would support a conclusion that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" or that "the representative parties will fairly and adequately

protect the interests of the class." Such silence is unsurprising. How could Laudato adequately represent, or have claims typical of, a class that is as yet undefined?

Moreover, the requisite rigorous analysis of Rule 23 involves ensuring both conformance with Rule 23(a) *and* (b). *In re Hydrogen Peroxide*, 552 F.3d at 309 & n.5. Before the District Court, Laudato argued that each of the three paths to satisfying Rule 23(b) was viable. But the District Court gave no indication that Rule 23(b) was satisfied, or if so, how. As an appellate court, we are not in a position to conduct the Rule 23(a) and (b) analyses in the first instance.[1]

Because the District Court did not conduct a sufficiently rigorous analysis to determine whether Laudato satisfied Rule 23 and was thus entitled to class certification, we will vacate its order and remand for further proceedings. If, after conducting such analysis, the District Court continues to believe that class certification is appropriate, it may enter a new certification order that satisfies all of Rule 23's requirements. *See* Fed. R. Civ. P. 23(c)(1)(B) ("An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)."); *see also Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 126 (3d Cir. 2018) ("To satisfy Rule 23(c)(1)(B), an order granting class certification must include: '(1) a readily discernible, clear, and precise statement of

---

[1] Even if we were, such a task would be inconsistent with summary action per 3d Cir. I.O.P. 10.6.

the parameters defining the class or classes to be certified, and (2) a readily discernible, clear, and complete list of claims, issues or defenses to be treated on a class basis.'" (quoting *Wachtel ex rel. Jesse v. Guardian Life Ins. Co.*, 453 F.3d 179, 187–88 (3d Cir. 2006))).

## III.

For the above reasons, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.